**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WILLIAM A. PARKS,**

      **Plaintiff,**

-vs-                     **Case No. 6:09-cv-2014-Orl-18DAB**

**THE CITY OF DAYTONA BEACH,
FLORIDA, ET AL,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:**   **November 25, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

   Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Upon review, the instant complaint does not allege a non-frivolous cause of action within the Court's limited jurisdiction, and, as such, the motion should be **denied** and the complaint **dismissed**.

Federal courts are courts of limited jurisdiction. Here, Plaintiff purports to assert a cause of action under the Court's federal question jurisdiction. As described in Plaintiff's papers, however, this is a civil action "having to do with the theft of a motor vehicle. . ." (Doc. No. 2). According to the unsigned Complaint, Plaintiff was the owner of a motor vehicle and had "created a bailment" of the vehicle with Defendant Rodriguez. The vehicle was garaged at Rodriguez's house and, according to Plaintiff, vanished under suspicious circumstances. The gist of the Complaint is that Plaintiff believes that Rodriguez stole the vehicle and sold it illegally. Plaintiff sought the assistance of the police department, the state attorney, and other state officials and none of them would arrest Rodriguez or prosecute him for the "grand theft." Plaintiff therefore brings the instant suit against Rodriguez, the City of Daytona Beach and its Police Department, the Chief of Police and various officers, the city manager, the state attorney and assistant state attorney, Florida Department of Law Enforcement, its Commissioner and a special agent, and the Governor of the State of Florida, alleging that this failure makes these state officials "legally complicit, liable, culpable accomplices and accessories to such bizarre, blatantly egregious Grand Thefts committed by the defendant Rodriguez

. . .that they *all* knew about or reasonably should have known about yet they failed to do anything about and willfully, knowingly, negligently and recklessly allowed the defendant Rodriguez to perpetrate several felonious acts of Grand Theft against the plaintiff, and the people of the State of Florida, contrary to both U.S. Federal and State of Florida Law." (Doc. No. 1 at 8). The Court finds these allegations do not state a viable cause of action within the Court's limited jurisdiction.

> As the Supreme Court has noted:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. —,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). No such showing is made here. To the extent Plaintiff is attempting to state a cause of action for failure to arrest or failure to prosecute, no such action is viable as the officers and prosecutors are immune from such liability. *See Fullman v. Graddick,* 739 F. 2d 553 (11th Cir. 1984) (noting absolute prosecutorial immunity from civil damages suits for actions associated with the judicial phase of the criminal process); *Lewis v. City of St. Petersburg ,* 260 F.3d 1260, 1265 (11th Cir. 2001)("Accordingly, under Florida law "[t]he decision of whether to enforce the law by making an arrest is a basic judgmental or discretionary governmental function that is immune from suit." *Everton v. Willard*, 468 So.2d 936, 937 (Fla.1985)"). To the extent some other federal cause of action is attempted to be stated, such does not cross the "plausibility standard." There is simply no factual predicate for asserting liability

against the various state and municipal defendants as "culpable accomplices" for the alleged theft of the vehicle by Rodriguez.

The only plausible cause of action on the facts pled appears to be an action against Rodriguez for civil theft, breach of contract or, perhaps, negligence. As all of these possible claims are state law causes of action, and Plaintiff has not plead a factual basis for establishing diversity jurisdiction,[1] the Complaint must be **dismissed**. As it is possible (albeit, not likely) that the complaint could be amended to state a cognizable cause of action within the limited jurisdiction of the Court, it is respectfully recommended that the motion be **denied** and the complaint be **dismissed**, without prejudice to the filing of an Amended Complaint that meets this criteria, accompanied by either the filing fee or a renewed motion to proceed as a pauper, within 14 days of any order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] There is no showing of diverse citizenship between Plaintiff, a Florida resident, and the Florida Defendants he is suing.